# CHARLESTON.

## BARTLETT *v.* ARMSTRONG.

Submitted June 17, 1904. Decided November 22, 1904.

1. PRINCIPAL AND AGENT.

Wherever one person requests, or allows, another to assume such a position that the latter may be compelled by law to discharge the former's legal liabilities, the law imports a request and promise by the former to the latter;—a request to make the payment; and a promise to repay;—and the obligation, thus created, may be enforced by *assumpsit.* (p. 296).

Error to Circuit Court, Taylor County.

Action by J. M. Bartlett against Adolphus Armstrong. De-
cree for plaintiff. Defendant brings error.

*Affirmed.*

JOHN L. HECHMER, for plaintiff in error.

IRA E. ROBINSON, for defendant in error.

MILLER, JUDGE:

J. B. Newlon, John W. Bartlett and A. Armstrong, the plain-
tiff in error, made their certain promissory note for $650.00,
bearing date on the 23rd day of June, 1885, payable, by them
jointly and severally, to the First National Bank of Grafton,
West Virginia, one hundred and twenty days after its date.
The proof shows that Bartlett and Armstrong were in fact
sureties for Newlon. Bartlett died intestate before any part of
this debt had been paid. J. M. Bartlett, his son, and plaintiff
in this action, qualified as his administrator. Afterwards, at
the suit of Bartlett, administrator, Newlon's property was sold,
and, from the proceeds of the sale, applied thereto by the ad-
ministrator, the note was reduced to $363.72, as of the date of
October 20, 1896. On that day, J. M. Bartlett and A. Arm-
strong, made and delivered to the bank, their joint and several
promissory note, for said $363.72, payable to it one hundred and
twenty days thereafter, in settlement of the balance due on the
first mentioned note. The last note, not being paid at its
maturity, was renewed by the makers thereof, the discount on
the renewal note, being equally paid by Bartlett and Arm-
strong. The renewal was not paid when due. Sometime after
it became due, it was charged to the bank account of Bartlett,
by the payee bank. Bartlett then charged it to the estate of
his intestate, John W. Bartlett, deceased. Armstrong having
failed to pay any part of the sum thus settled, an action in
*assumpsit* was brought by Bartlett, in the circuit court of Tay-
lor county, in his individual name, against Armstrong to re-
cover one-half of said sum, for which their note had been given
to the bank. There was a trial; a verdict of a jury for $392.25
in favor of the plaintiff; a motion by defendant to set the same
aside which was overruled, and a judgment thereon against the
defendant, who excepted thereto, and obtained a writ of error
to this Court.

The court instructed the jury "that if they believed from the

evidence that the plaintiff, Bartlett, and defendant Armstrong, jointly and severally agreed to pay to the First National Bank the remaining balance of the original Newlon debt, and that the same was afterwards paid by plaintiff, then plaintiff has the right to recover from defendant one-half of such amount, paid by him by reason of such joint and several obligation." This instruction was objected to by Armstrong, who contends that it was and is erroneous and misleading, because, as claimed by him, the transaction, as to him, was in substance with J. M. Bartlett, as administrator of John W. Bartlett, and not with him individually; that the plaintiff, by bringing his suit in his individual capacity, and not as administrator, prevented defendant from showing the true relationship which existed between John W. Bartlett and Newlon, as to the first note for $650.00; that, if there was any liability on defendant by reason of the original note, he was prevented from having a settlement with the estate of Bartlett, deceased, and from having allowed to him any claims, or demands which he might have against the estate, as an offset to this liability; and that the transaction, being one in fact with the estate, defendant will not be protected by the judgment thereon in favor of plaintiff in his individual capacity.

We are of opinion that these contentions by plaintiff in error are not tenable. Had he paid the money to J. M. Bartlett before suit he would have been discharged from liability to John .W. Bartlett's estate. He did not choose to do so, but requested the substitution of J. M. Bartlett in the place of John W. Bartlett, deceased, in the liability with himself. Bartlett and Armstrong thus became jointly· liable to the bank for the balance of the original debt for all of which Armstrong was up to that time, legally liable. If the bank had recovered a joint judgment against Bartlett and Armstrong on this note, and the judgment had been paid by Armstrong, he could have maintained his suit for contribution against Bartlett individually. The personal representative of John W. Bartlett would not have been a necessary party to such suit. The note for $363.72 was a new contract with the bank by Bartlett and Armstrong, enforcible against them. So far as appears on the face thereof, they are equally liable thereon. There is evidence tending to prove that Armstrong requested Bartlett to pay the note in

question; and that after the settlement thereof by Bartlett as aforesaid, Armstrong promised to repay him his proper part thereof. Armstrong swears that he is not indebted in any sum to Bartlett; and that he made no contract with Bartlett whereby he agreed to pay him any money. It seems to be conceded, however, that the Newlon estate was exhausted and insolvent before the $363.72 note was made and delivered to the bank by Bartlett and Armstrong for the purpose aforesaid.

"Wherever one person requests or allows another to assume such a position that the latter may be compelled by law to discharge the former's legal liabilities, the law imports a request and promise by the former to the latter—a request to make the payment; and a promise to repay—and the obligation thus created may be enforced by *assumpsit.*" Clark on Con. 760; Hammon on Con. 772. Armstrong was bound jointly and severally with Newlon and John W. Bartlett to the bank for the $650.00 debt, evidenced by the first note. Bartlett died, and the liability thereon devolved upon his survivors, Newlon and Armstrong. Newlon became insolvent before the debt was fully discharged. Afterwards, Armstrong not only allowed, but requested the plaintiff to sign with him the new note and its renewal; and thus assume such a position that he could, by law, be compelled to discharge the whole of the remaining liability of Armstrong.

We find no error in the judgment, and therefore affirm it.

*Affirmed.*